UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MARCELLUS M. MASON, JR.

    Plaintiff,

8:19 cv 1847 T 02 CPT

v.

CENTRAL RESEARCH INC, EQUIFAX INC.,

TRANS UNION LLC, and EXPERIAN

    Defendants
_____/

## COMPLAINT

### Nature Of the Action

1. This is an action against the Defendants for violating the provisions of the federal Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et.seq . .

### JURISDICTION AND VENUE

2. This complaint alleges violations of the federal Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et.seq .

3. This case arises under the laws of the United States, and presents a federal question within this Court's jurisdiction under Article III of the federal Constitution, 15 U.S.C. § 1681p, 15 U.S.C. § 1337(a), 28 U.S.C. §§1331, 1343, and 1361.

### VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(d).

1



## THE PARTIES

5. Plaintiff, Marcellus M. Mason, Jr., hereafter, "Mason", resides at 214 Atterberry Drive in Sebring, Florida.

6. Defendant, EQUIFAX INC. ("EQUIFAX") is a business entity that regularly conducts business throughout Florida and has a principal place of business located in Atlanta, Georgia.

7. EQUIFAX is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

8. EQUIFAX is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according to 15 U.S.C. § 1681a(d).

9. EQUIFAX provides such consumer reports to third parties in exchange for money.

10. Defendant, CENTRAL RESEARCH INC, ("CENTRAL RESEARCH") is a business entity that regularly conducts business throughout Florida.

11. CENTRAL RESEARCH INC, regularly and in the course of business provides information to consumer reporting agencies about its accounts with consumers.

12. CENTRAL RESEARCH INC, is a "furnisher" according to 15 U.S.C. § 1681s-2.

13. Defendant, EXPERIAN is a business entity that regularly conducts business in throughout Florida and has a principal place of business located at 1117 Perimeter Center, West Suite E501, Sandy Springs, GA 30338.

14. EXPERIAN is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

15. EXPERIAN is regularly engaged in the business of assembling, evaluating and

distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according to 15 U.S.C. § 1681a(d).

16. EXPERIAN provides such consumer reports to third parties in exchange for money.

17. Defendant, TRANS UNION LLC ("TRANSUNION") is a business entity that regularly conducts business throughout Florida and has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

18. TRANSUNION is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

19. TRANSUNION is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according to 15 U.S.C. § 1681a(d).

20. TRANSUNION provides such consumer reports to third parties in exchange for money.

## FACTS

21. EXPERIRAN, EQUIFAX, and TRANSUNION are reporting a student loan that the Plaintiff obtained from the Department Of Education during his days in college. Each of them are reporting that this student loan has a balance greater than $25,000. This information was furnished to the credit reporting agencies by CENTRAL RESEARCH.

22. The original delinquency date of the above mentioned student loan was in 1999 as this is the date that the loan first went delinquent. The Plaintiff made no payments on this loan in 1999 or in the years since. This student loan is not a Perkins Loan consequently; it can only be reported no more than 7 ½ years. The time for reporting this loan has expired..

## DISPUTES

The Plaintiff has initiated the following disputes and has received the following acknowledgments of the disputes and notification of results of the investigation:

23. Experian acknowledged that it received a dispute from the Plaintiffs via email on Fri 1/25/2019 11:32 AM.

24. Equifax acknowledged that it received a dispute from the Plaintiffs via email on Fri 1/25/2019 12:11 PM. This dispute was assigned confirmation number 9025024764.

25. Experian acknowledged that it received a dispute from the Plaintiffs via email on Wed 6/5/2019 1:35 PM.

26. Equifax was sent an email dispute the Department Of Education on Tue 6/11/2019 4:45 PM.

27. Experian was sent an email dispute the Department Of Education on Tue 6/11/2019 5:44 PM.

28. Experian was sent an email dispute the Department Of Education on Wed 6/12/2019 10:56 AM.

29. Equifax was sent an email dispute the Department Of Education on Wed 6/12/2019 11:02 AM.

30. TransUnion acknowledged that it received a dispute from the Plaintiffs via email on 06/12/2019.

31. Equifax was sent an email dispute the Department Of Education on Wed Thu 6/13/2019 2:02 PM.

32. Equifax was sent an email dispute the Department Of Education on Thu 6/13/2019 2:19

4

PM. This was the second dispute that same day with Equifax. This dispute added more legal support for deleting the item.

33. The Plaintiff faxed CENTRAL RESEARCH a dispute on 6/17/2019 6:36:50 AM PDT. CENTRAL RESEARCH did not acknowledge it received the fax and it did alter the information it furnished to the credit reporting agencies.

34. Experian notified the Plaintiff that it had completed its investigation on Tue 6/18/2019 10:27 PM. Experian simply updated the information and did not delete or otherwise change the information with resepect to the student loan ad the Dept. Of Eduction.

35. Equifax acknowledged that it received a dispute from the Plaintiffs via email on Wed 6/19/2019 3:36 PM.

36. Experian notified the Plaintiff that it had completed its investigation on Tue 6/25/2019 10:27 PM. Experian simply updated the information and did not delete or otherwise change the information with resepect to the student loan ad the Dept. Of Eduction.

37. TransUnion notified the Plaintiff that it had completed its investigation on Fri 6/28/2019 4:17 PM. TransUnion simply updated the information and did not delete or otherwise change the information with resepect to the student loan ad the Dept. Of Eduction.

38. The Plaintiff faxed CENTRAL RESEARCH a dispute on Sun 7/21/2019 1:46 AM. CENTRAL RESEARCH did not acknowledge it received the fax and it did not alter the information it furnished to the credit reporting agencies.

39. The Plaintiff emailed EQUIFAX a dispute on Tue 7/23/2019 7:22 AM. EQUIFAX did not acknowledge it received the email and it did not alter the information it was reporting.

40. The Plaintiff emailed TRANSUNION and its attorneys a dispute on 7/23/2019 7:47 AM. TRANSUNION did not acknowledge it received the fax and it did not alter the information it was reporting.

41. The Plaintiff emailed CENTRAL RESEARCH and its attorneys a dispute on 7/23/2019 7:47 AM. CENTRAL RESEARCH did not acknowledge it received the fax and it did alter the information it furnished to the credit reporting agencies.

42. The Plaintiff faxed CENTRAL RESEARCH a dispute on Tue 7/23/2019 11:50 AM. CENTRAL RESEARCH did not acknowledge it received the fax and it did not alter the information it furnished to the credit reporting agencies.

43. To date EXPERIRAN, EQUIFAX, and TRANSUNION are all reporting the above mentioned student loan. CENTRAL RESEARCH is still reporting this loan to the CRA's.

44. As a result of the reporting of the student loan information in the consumer reports, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, and loss of credit and loan opportunities.

45. As a result of the reporting of the credit information in the consumer reports, Plaintiff has also suffered mental and emotional pain, humiliation and embarrassment.

## COUNT I

### [EQUIFAX: Violation of 15 U.S.C. § 1681e(b)]

46. Plaintiff realleges and incorporates here paragraphs 1 through 45. . EQUIFAX,

6

TRANSUNION, AND EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintained about Plaintiff.

47. As a result of the conduct, actions and inaction of EQUIFAX, TRANSUNION, AND EXPERIAN, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, and loss of credit and loan opportunities.

48. . In light of the multiple correspondence between Plaintiff and EQUIFAX, TRANSUNION, AND EXPERIAN, the conduct, actions and inaction of EQUIFAX, TRANSUNION, AND EXPERIAN is willful, rendering it liable for actual damages, costs, fees, and punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

49. Alternatively, EQUIFAX, TRANSUNION, AND EXPERIAN were negligent in their conduct, entitling Plaintiff to recover actual damages, costs, and fees according to 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from EQUIFAX, TRANSUNION, AND EXPERIAN in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

    WHEREFORE, PLAINTIFF, MARCELLUS MASON, demands judgment against

EQUIFAX, TRANSUNION, AND EXPERIAN for:

      i. actual, statutory and punitive damages;
      ii. attorney's fees and costs;
      iii. pre-judgment and post-judgment interest;
      iv. any other relief this Honorable Court deems just and proper.

## COUNT II

**[EQUIFAX, TRANSUNION, AND EXPERIAN: Violation of 15 U.S.C. § 1681i(a)]**

51. . Plaintiff realleges and incorporates here paragraphs 1 through 50.

52. EQUIFAX, TRANSUNION, AND EXPERIAN is in violation of 15 U.S.C. § 1681i(a).

53. EQUIFAX, TRANSUNION, AND EXPERIAN failed to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information.

54. As reflected in Plaintiff's May 20, 2015 credit report EQUIFAX, TRANSUNION, AND EXPERIAN failed to delete inaccurate information in its file of Plaintiff after receiving actual notice of such inaccuracy.

55. EQUIFAX, TRANSUNION, AND EXPERIAN also failed to provide all relevant information received from Plaintiff to the furnisher, CENTRAL RESEARCH.

56. EQUIFAX, TRANSUNION, AND EXPERIAN failed to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff.

57. Alternatively, EQUIFAX, TRANSUNION, AND EXPERIAN failed to delete the inaccurate information contained in its file of Plaintiff after reinvestigation.

58. Furthermore, EQUIFAX, TRANSUNION, AND EXPERIAN failed to maintain reasonable procedures with which to filter and verify disputed information in its credit file of Plaintiff.

59. As a result of the conduct, actions and inaction of EQUIFAX, TRANSUNION, AND

EXPERIAN, Plaintiff has suffered and incurred damages.

60. The conduct, actions and inaction of EQUIFAX, TRANSUNION, AND EXPERIAN was willful, rendering it liable for actual damages, costs, fees, and punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

61. In the alternative, EQUIFAX, TRANSUNION, AND EXPERIAN was negligent, entitling Plaintiff to recover actual damages, costs, and fees damages according to 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from EQUIFAX, TRANSUNION, AND EXPERIAN in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF, MARCELLUS MASON, demands judgment against

EQUIFAX, TRANSUNION, AND EXPERIAN for:

i. actual, statutory and punitive damages;

ii. attorney's fees and costs;

iii. pre-judgment and post-judgment interest;

iv. any other relief this Honorable Court deems just and proper.

## COUNT III

### [CENTRAL RESEARCH: Violation of 15 U.S.C. § 1681s-2(b)]

63. Plaintiff realleges and incorporates here paragraphs 1 through 62.

64. CENTRAL RESEARCH violated 15 U.S.C. § 1681s-2(b) by:

      i. Failing to fully and reasonably investigate the dispute by Plaintiff after being informed by the credit reporting agency, EQUIFAX, TRANSUNION, AND EXPERIAN, of the Plaintiff's consumer dispute.

      ii. Failing to review all relevant information available to it and provided to it by the credit reporting agency, EQUIFAX, TRANSUNION, AND EXPERIAN, when it conducted its reinvestigation.

      iii. Failing to direct the credit reporting agency, EQUIFAX, TRANSUNION, AND EXPERIAN, to remove the inaccurate information.

65.. As a result of the conduct, actions and inaction of CENTRAL RESEARCH, Plaintiff has suffered and incurred damages.

66. The conduct, actions and inaction of CENTRAL RESEARCH was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

67. In the alternative, CENTRAL RESEARCH was negligent, entitling Plaintiff to recover damages according to 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover costs and attorney's fees from CENTRAL RESEARCH in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

      WHEREFORE, PLAINTIFF, MARCELLUS MASON, JR, demands judgment against CENTRAL RESEARCH for:

      i. actual, statutory and punitive damages;

      ii. attorney's fees and costs;

      iii. pre-judgment and post-judgment interest;

      iv. any other relief this Honorable Court deems just and proper.

**JURY DEMAND**

69. Plaintiff demands trial by jury with respect to all claims.

July 26, 2019

Respectfully Submitted,

*/s/ Marcellus Mason Jr.*

Marcellus Mason
214 Atterberry Dr.
Sebring, FL 33870
Email: mcneilmason@hotmail.com