# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARCELLUS M. MASON, JR.,

    Plaintiff,

vs.                                          Case No.: 8:19-cv-01847-02CPT

CENTRAL RESEARCH INC.,
EQUIFAX INC.,
TRANS UNION, LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

_____/

## ORDER GRANTING CENTRAL RESEARCH INC.'S UNOPPOSED MOTION FOR FINAL SUMMARY JUDGMENT

The Court grants the unopposed motion for summary judgment, Dkt. 35, filed by Defendant, Central Research Inc. ("Central Research"). Although the Plaintiff has filed nothing in opposition to the Motion, and the Motion is verified, the Court has reviewed the entire record in rendering this final summary judgment.

The complaint, Dkt. 1, is brought under the Fair Credit Reporting Act. 15 U.S.C. § 1681. Plaintiff alleges that Central Research is a "furnisher" of consumer credit information. Dkt. 1 at 2. The gist of the complaint is that the credit reporting bureaus listed an old student debt of Plaintiff improperly. Central Research was alleged to have furnished this erroneous information. The claim

against Central Research is set forth in Count III. Count III claims that Central Research violated 15 U.S.C. § 1681s-2(b). This included failing to investigate the credit dispute and failing to direct the credit reporting agencies to remove inaccurate information. Dkt. 1 at 9–10.

Sworn, uncontested testimony in this record, however, shows that Central Research is a private collection agency whose business includes collecting federal defaulted student loans pursuant to a federal student aid collections contract entered into with the U.S. Department of Education. Further, pursuant to the collections contract with the U.S. Department of Education, the Department of Education, not the private collection agency such as Central Research, furnishes information concerning defaulted student loans to the credit reporting agencies.

The present record is uncontested that Central Research did not furnish any information about Plaintiff's defaulted student loan to the reporting agencies. Defendant also asserts without contest that none of the pertinent credit reports make any mention whatsoever of Central Research and instead reflect that U.S. Department of Education furnished the information concerning Plaintiff's defaulted student loan. *See* Dkt. 35-1 at 2–4, 11–12; Dkt. 35-3 at 6, 27, 43.

Under Rule 56, Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

Although a pro se complaint "is entitled to a less strict interpretation," a pro se plaintiff is not excused from meeting the "essential burden of establishing that there is a genuine issue as to a fact material to his case." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997). "When a nonmoving party's response consists

of nothing more than conclusory allegations, summary judgment is not only proper but required." *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) (citing *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981)). Here, no response whatsoever was provided by the non-moving party. Rule 56 required a response as did the Local Rule and the case management order that Plaintiff participated in.

The Court considers the evidence and all inferences drawn therefrom in the light most favorable to the non-moving party. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). However, "[t]here is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) "With regard to issues on which the non-moving party bears the burden of proof, the moving party need not support its motion with evidence negating the opponent's claim." *Id.* (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994)).

The uncontested record shows that Central Research did not violate § 1681s-2 of the Fair Credit Reporting Act because this section only imposes duties on "furnishers of information" to credit reporting agencies and Central Research did not furnish any such information. Accordingly, § 1681s-2 does not apply to

Central Research and there are no contested issues of fact otherwise.

Final summary judgment is entered for Central Research on Count III, the only count against it. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on June 11, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, pro se